Dear Mayor Miller,
On behalf of the Town of Olla, you have requested an opinion of this office regarding the legality of a municipal government participating in group self-insurance funds for workers' compensation.
Group self-insurance funds are authorized and provided for at LSA-R.S. 23:1191, et seq. In particular, LSA-R.S. 23:1195
authorizes the formation of group self-insurance funds for workers' compensation. Pertinently, that provision provides:
 "A. (1) Any five or more Louisiana employers who are not public entities may agree to pool their liabilities to their employees . . .
* * *
 "D. For purposes of this Subpart, "public entities" shall mean political subdivisions as defined in Section 44 of Article VI of the Constitution of Louisiana. However, public entities shall not include hospital service districts and health care facilities established by local governing authorities." (Emphasis added)
La. Const. Art. VI, Sec. 44 defines "political subdivision" to mean "a parish, municipality, and any other unit of local government. . .". (Emphasis added)
Since a `municipality' such as the town of Olla is a `political subdivision' as defined by La. Const. Art. VI, Sec. 44, and therefore included within the scope of "public entities" as referred to in LSA-R.S. 23:1195, it is the opinion of this office that the Town of Olla is not authorized by 23:1195 to participate in a group self-insurance fund for workers' compensation.
It should also be pointed out that the Supreme Court has held that municipalities are constitutionally prohibited from participating in a legislatively sanctioned intergovernmental risk management fund whereby the municipalities would be liable in solido for the fund's unpaid claims. City of Port Allenv. Louisiana Municipal Risk Agency, Inc., 439 So.2d 399
(1983). In City of Port Allen, supra., the Court determined that a municipality can not constitutionally be compelled to pay a claim incurred by another municipality as a result of a tort or worker's compensation claim. Therein, the Court stated:
 "Any such attempt by another municipality would be a donation or a gratuity. Otherwise, it could be a loan. Both are prohibited by Art. VII, Sec. 14(A) of the Constitution."
In accordance with the constitutional, statutory and jurisprudential authorities cited herein, it is the opinion of this office that the Town of Olla is prohibited from participating in group self-insurance funds for workers' compensation.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can provide guidance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
DATE RECEIVED: January 30, 1998 DATE RELEASED:
JEANNE-MARIE ZERINGUE BARHAM, ASSISTANT ATTORNEY GENERAL